**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **MARSHALL COUNTY BOARD OF EDUCATION** and **WETZEL COUNTY BOARD OF EDUCATION**, individually and on behalf of a similarly situated class, Plaintiffs, v. **THERESA E. SACKLER; KATHE A. SACKLER; MORTIMER D.A. SACKLER; ILENE SACKLER LEFCOURT; RICHARD S. SACKLER** and **DAVID A. SACKLER**, as Executors of the Estate of Raymond R. Sackler; **RICHARD S. SACKLER** and **DAVID A. SACKLER; GARRET LYNAM**, as Executor of the Estate of Jonathan D. Sackler, Defendants. | No. 5:25-cv-0228 (JPB) Honorable John Preston Bailey |

**Order Granting Final Approval of Class Action
Settlement, Notice to the Class Under Fed. R. Civ. Proc. 23(e)**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion"). The defined terms in the Settlement Agreement (ECF No. 5-1) are adopted in this Order and shall have the same meaning ascribed to them in the Settlement Agreement.

The Court makes the following findings:

The Settlement creates a common fund of $26,776,216.55, plus any accrued interest, the net proceeds of which (after payment of attorneys' fees, expenses, and Class Representative incentive awards) will be used to make grants to members of a national class of Public School Districts, selected by the Public School Special Trustee to remediate the effects of the opioid crisis in their districts.

1

On November 19, 2025, this Court entered an order granting preliminary approval of the Settlement Agreement and directed that notice be given to the members of the Class of the proposed Settlement Agreement and the Fairness Hearing.

In the Preliminary Approval Order, the Court approved the form of Notice directed to members of the Class.

On the dates and in the manner described in the certifications filed by Plaintiffs on March 25, 2026, ECF No. 29-2, Notice was provided to the Class. On January 6, 2026, class counsel filed a petition for attorneys' fees, reimbursement of expenses and incentive awards. No class member objected to the settlement or to the petition for fees, expenses and incentive awards. No class member has asked to opt out of the settlement.  Thus, the settlement amount will not be reduced due to opt outs.

The Court, having entered the Preliminary Approval Order, and having considered the reactions of Class Members, the record of all proceedings in the case, the Parties' briefs and accompanying submissions, and all appropriate matters under Federal Rule of Civil Procedure 23(e) and case law interpreting it and other legal requirements, and having made the necessary findings, hereby **GRANTS** the Motion. [**Doc. 28**].

It is hereby **ORDERED, ADJUDGED, AND DECREED**:

1.      The terms of the Settlement Agreement are incorporated into this Judgment, including the releases contained therein.  The terms of the Settlement Agreement, including all exhibits to the Settlement Agreement, shall be forever binding on the Class, other than the Excluded Class Members, and the parties thereto.

2.      The Class is certified for purposes of the Settlement Agreement and this Order only and includes: Any elementary, middle, and/or secondary public school districts in the United States (a) with enrollments of more than 5,000 students, (b) that have filed proofs of claim in the

2

Bankruptcy Case, or (c) that are Litigating School Districts.  There are approximately 2,550 members of the Class.

3.    Notice provided to the Settlement Class complied in all respects with the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), the rules of this Court, and other applicable law. Notice provided was the best notice that is practicable under the circumstances, included individual notice to all members who could be identified through a reasonable effort, and was reasonably calculated under the circumstances to apprise Class Members of the nature and pendency of the Action, their right to object to or  exclude themselves from the Settlement Agreement, and their right to appear at the Fairness Hearing.

4.    Pursuant to Fed. R. Civ. Proc. 23, the Court fully and finally approves the Settlement Agreement in all respects as fair, reasonable, adequate, and in the best interests of the Class pursuant to Rule 23(e), including the use of the Public School Trust as a mechanism for distributing net Settlement proceeds by making grants to schools that apply for funding and are selected as grant recipients by the Trust's Special Trustee.  The Settlement Agreement was not a product of fraud or collusion, is the product of arms' length negotiations between experienced and informed counsel representing the parties' interests, treats class members equitably relative to each other, and the Court finds it satisfies Rule 23(e)(2) after considering the factors stated therein and those of the case law interpreting them and related constitutional requirements.

5.    The Court hereby approves the use of the settlement trust mechanism and the distribution of settlement funds as grants made by the Public School Trust to public school districts that apply for funding and are selected as grant recipients by the Public School Special Trustee. The Court further approves Dr. Andres Alonso and Truist Bank as Trustees.  Class Counsel will provide periodic updates on the work of the Trustees and the grant making process.

6.      Without affecting the finality of this Judgment in any way, this Court will retain exclusive continuing jurisdiction over all matters related to the Settlement as well as Settling Defendants and Class Members with regard to implementation of the terms of Settlement Agreement and consummation, enforcement and administration of the Settlement Agreement, unless there is a failure of the Payment Effective Date under Section {V(H)(1)(e)} of the Settlement Agreement.

7.      The Action is **DISMISSED WITH PREJUDICE** with respect to all claims against the Settling Defendants; Class Members are permanently enjoined from asserting or pursuing any Released Claim against any Released Party in any forum; the Released Parties are discharged and released from all Released Claims; and pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason to delay the entry of this Judgment as a final judgment in the Action.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.  The hearing set for May 7, 2026, is hereby **CANCELED**.

The Clerk is directed to enter this final Judgment and is further directed to transmit copies of this Order to all counsel of record.

**IT IS SO ORDERED.**

DATED: 3-26-2026

THE HONORABLE JOHN PRESTON BAILEY
UNITED STATES DISTRICT COURT JUDGE